■ ABDOW KOZMOL et al., Respondents, v LAW FIRM OF ALLEN L. ROTHENBERG et al., Appellants. [660 NYS2d 63] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated July 15, 1996, as denied their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiffs were involved in an automobile accident with Antoinette Mantone. In October of 1990 the plaintiffs retained the defendant law firm (hereinafter the Rothenberg firm), to represent them in their personal injury action against Mantone. The Rothenberg firm commenced the action against Mantone on September 25, 1993, by filing a copy of the summons and complaint with the Clerk of Kings County and filing proof of service on September 27, 1993. Service was made at the address given by Mantone in the police report of the accident. However, at the time of service, Mantone no longer lived at that address. Thereafter, Mantone moved to dismiss the action

for lack of personal jurisdiction, alleging that service upon her was not properly made. The Supreme Court scheduled a hearing to ascertain whether service of process was properly made. However, on September 7, 1994, several months prior to the hearing, the plaintiffs discharged the Rothenberg firm and engaged John C. DiGiovanna to represent them in the action against Mantone. A hearing was held on February 27, 1995, and on April 26, 1995, the Supreme Court dismissed the action against Mantone for lack of personal jurisdiction. On June 22, 1995, the plaintiffs commenced this legal malpractice action.

The essence of the plaintiffs' claim is that the Rothenberg firm committed legal malpractice by failing to properly serve process on Mantone, which resulted in the dismissal of the action against Mantone.

In order to state a cause of action sounding in legal malpractice, the plaintiffs must make a prima facie showing that the defendant failed to exercise that degree of care, skill, and diligence commonly exercised by an ordinary member of the legal community and that "but for" the attorney's negligence, the plaintiffs would have prevailed in the underlying action (see, Platt v Portnoy, 220 AD2d 652; Andrews Beverage Distrib. v Stern, 215 AD2d 706).

The plaintiffs have demonstrated that the Rothenberg firm was negligent in serving Mantone at an address where she no longer resided (see, Kleeman v Rheingold, 81 NY2d 270). The Rothenberg firm failed to use Mantone's correct address, which it had received from the plaintiffs at the time the Rothenberg firm was initially retained. Moreover, the Rothenberg firm relied upon a three-year old police report in ascertaining Mantone's address. Our inquiry, however, does not end here.

Although the Rothenberg firm was negligent in failing to make proper service upon Mantone, the plaintiffs' action to recover damages for legal malpractice must nevertheless fail given that the plaintiffs cannot prove that "but for" the defendants' negligence, the cause of action against Mantone would not have been dismissed (see, L.I.C. Commercial Corp. v Rosenthal, 202 AD2d 644).

Pursuant to CPLR 306-b (b), "[i]f an action dismissed * * * for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of the limitations after the commencement of the original action * * * within one hundred twenty days of such dismissal". Since the Mantone action was dismissed on April 26, 1995, the plaintiffs had until August 26, 1995 (120 days following the dismissal), in which to recommence the Mantone

action. Inasmuch as the plaintiffs had replaced the Rothenberg firm with DiGiovanna on September 7, 1994, DiGiovanna could have timely commenced an action against Mantone within the 120-day period. During the same 120-day period the plaintiffs engaged another law firm, which brought a malpractice action against the Rothenberg firm on June 22, 1995. Accordingly, the plaintiffs' legal malpractice claim is without merit and the defendants' motion for summary judgment should have been granted (see, C & F Pollution Control v Fidelity & Cas. Co., 222 AD2d 828). Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.