■ JUDITH ALBIN, Plaintiff, v AVIS PEARSON, Defendant and Third-Party Plaintiff-Respondent. EDWIN BERNSTEIN et al., Third-Party Defendants-Appellants. [734 NYS2d 564] —In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record certain mortgages, in which a third-party action was commenced, *inter alia,* to recover damages for legal malpractice, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated November 14, 2000, as denied that branch of their motion which was for summary judgment dismissing the third-party complaint insofar as it alleged a cause of action based on legal malpractice.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which is for summary judgment dismissing the cause of action based on legal malpractice is granted, and the third-party complaint is dismissed in its entirety.

The Supreme Court erred in denying that branch of the appellants' motion which was to dismiss Avis Pearson's cause of action based on legal malpractice. The essence of that cause of action was that the appellants committed legal malpractice by, *inter alia,* failing to conduct a proper title search of the mortgaged premises and allowing the applicable Statute of Limitations to expire on a mortgage foreclosure action.

The malpractice claim should have been dismissed, since Pearson cannot prove that "but for" the appellants' negligence, her counterclaim against Judith Albin to foreclose certain mortgages would not have been dismissed (*see, Kozmol v Law Firm of Allen L. Rothenberg,* 241 AD2d 484). There is no evidence to

support a finding that the appellants' alleged negligence was a proximate cause of Pearson's injury, since foreclosure of the subject mortgages remained viable for nearly three years after the appellants were discharged and successor counsel had sufficient time to adequately protect Pearson's rights (*see, Golden v Cascione, Chechanover & Purcigliotti,* 286 AD2d 281; *Volpe v Canfield,* 237 AD2d 282). The fact that Pearson did not seek to foreclose on the subject mortgages until Albin commenced her action pursuant to RPAPL 1501 (4) was not based on any negligence of the appellants.

There is also no triable issue of fact that the appellants committed malpractice based on their failure to conduct a title search which allegedly would have uncovered certain other mortgages and liens filed against the property. Any failure by the appellants to conduct the title search was not a proximate cause of Pearson's loss which was occasioned by the failure to timely commence a foreclosure action. Moreover, since the fair market value of the property, as determined by the sworn independent appraisal, exceeded the total amount of the mortgages and liens filed against the property, Pearson would not have been entitled to a deficiency judgment even if the foreclosure action had been timely commenced (*see, Wand v Beck,* 262 AD2d 634). O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.