■ ROBERT PERKS et al., Respondents, v LAUTO & GARABE-DIAN et al., Appellants, et al., Defendants. [760 NYS2d 231] —In an action to recover damages for legal malpractice, etc., the defendants Lauto & Garabedian and Michael Garabedian appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated May 10, 2002, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging legal malpractice based on their failure to adequately investigate the assets and insurance coverage of the defendant driver in an underlying action entitled *Perks v Yao-Lan Cheng,* in the Supreme Court, Suffolk County, under Index No. 23057/98.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the motion which was for summary judgment dismissing the cause of action alleging legal malpractice based on the failure of the defendants Lauto & Garabedian and Michael Garabedian to adequately investigate the assets and insurance coverage of the defendant driver in the underlying action is granted, and that cause of action is dismissed.

To prevail in a legal malpractice action, a plaintiff must show that the attorney "failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community" (*Volpe v Canfield,* 237 AD2d 282, 283 [1997]), that such negligence was the proximate cause of their damages, and that, but for the attorney's negligence, the plaintiff would have prevailed on the underlying claim (*see Rau v Borenkoff,* 262 AD2d 388 [1999]).

Here, the plaintiffs claimed that the appellants failed to

adequately investigate the assets and insurance coverage of the driver whose vehicle was involved in a collision with the vehicle of the plaintiff Robert Perks. However, the appellants submitted evidence establishing that the plaintiffs discharged them and hired new counsel two months before the plaintiffs settled their claim against the driver. Under such circumstances, subsequent counsel had a sufficient opportunity to protect the plaintiffs' rights, and any negligence by the appellants was not the proximate cause of the plaintiffs' alleged damages (*see Albin v Pearson,* 289 AD2d 272 [2001]; *Volpe v Canfield, supra; Kozmol v Law Firm of Allen L. Rothenberg,* 241 AD2d 484 [1997]). Therefore, the appellants established their entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In opposition, the plaintiffs failed to establish the existence of a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]). Accordingly, the Supreme Court erred in denying that branch of the appellants' motion which was for summary judgment dismissing the plaintiffs' cause of action alleging that they negligently failed to investigate the driver's assets and insurance coverage. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.