■ JOSEPH DeCANDIA, Respondent, v RANDY CALAMIA et al., Appellants. [789 NYS2d 682]—In an action to recover damages for personal injuries, the defendants, Randy Calamia and Janet Kelly Calamia, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 2, 2004, as denied that branch of their motion

which was for summary judgment dismissing the complaint insofar as asserted against the defendant Randy Calamia.

Ordered that the appeal by the defendant Janet Kelly Calamia is dismissed, as she is not aggrieved by the portion of the order appealed from (*see* CPLR 5511; *Carollo v Northern Westchester Hosp. Ctr.*, 5 AD3d 715 [2004]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Randy Calamia, with costs.

The defendant Randy Calamia met his initial burden of establishing his prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In response, however, the plaintiff introduced sufficient evidence to raise a triable issue of fact regarding whether Randy Calamia failed to exercise reasonable care under the circumstances (*see Kern v Ray*, 283 AD2d 402 [2001]; *Puppo v Spano*, 252 AD2d 548 [1998]; *Comeau v Lucas*, 90 AD2d 674 [1982]). Therefore, the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against that defendant was properly denied (*see Fantuzzo v Attridge*, 291 AD2d 871, 872 [2002]). Florio, J.P., Smith and Fisher, JJ., concur.

Rivera, J., concurs in part and dissents in part, and votes to dismiss the appeal by the defendant Janet Kelly Calamia, reverse the order insofar as appealed from by the defendant Randy Calamia, on the law, and grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against that defendant, with the following memorandum: I agree with my colleagues that the defendant Randy Calamia met his initial burden of establishing his entitlement to summary judgment. However, I do not concur with their determination that, in opposition, the plaintiff raised a triable issue of fact regarding whether Randy Calamia failed to exercise reasonable care.

On December 11, 1998, the plaintiff allegedly was slashed in the face by another person while attending a party at a home owned by Randy Calamia and his wife (hereinafter collectively referred to as the defendants). The defendants were not present at the time of the alleged attack. According to the plaintiff, the defendants knew or should have known that their children, born in 1978 and 1981, respectively, were having a party and serving alcohol to guests while the defendants were absent. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendants were negligent. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied that branch of the motion which was for summary judgment with regard to Randy

Calamia, but granted that branch of the motion which was for summary judgment with regard to Calamia's wife.

"Landowners in general have a duty to act in a reasonable manner to prevent harm to those on their property" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). They have a duty to control the conduct of third parties on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control (*id.*). Here, absent mere speculation and conjecture, there was absolutely no evidence in the record to show that the defendants knew or should have known that their children were going to host a party in their absence or that there was a need to control the conduct of any persons. Thus, in my opinion, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Randy Calamia should have been granted.