■ ABDUL SATTAR, Appellant, v NATURAL STONE INDUSTRIES, INC., et al., Appellants, and BAY CRANE SERVICE, INC., Respondent. (And Third-Party Actions.) [798 NYS2d 98]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 28, 2004, as granted that branch of the motion of the defendant Bay Crane Service, Inc., which was for summary judgment dismissing the plaintiff's claim to recover damages for common-law negligence insofar as asserted against it, and the defendants Natural Stone Industries, Inc., and Cosim Realty Corp. cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Bay Crane Service, Inc., which was for summary judgment dismissing the plaintiff's claim to recover damages for common-law negligence insofar as asserted against the defendant Bay Crane Service, Inc., and dismissing the cross claims asserted by them against that defendant.

Ordered that the cross appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the plaintiff's claim to recover damages for common-law negligence insofar as asserted against the defendant Bay Crane Service, Inc., is dismissed, as the defendants Natural Stone Industries, Inc., and Cosim Realty Corp. are not aggrieved by that portion of the order (see CPLR 5511; *DeCandia v Calamia,* 15 AD3d 436 [2005]); and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed on the cross appeal; and it is further,

Ordered that one bill of costs is payable to the defendant Bay Crane Service, Inc.

The Supreme Court properly granted those branches of the motion of the defendant Bay Crane Service, Inc. (hereinafter Bay Crane), which were for summary judgment dismissing the plaintiff's cause of action to recover damages for common-law negligence and dismissing the cross claims of the defendants Natural Stone Industries, Inc., and Cosim Realty Corp. insofar as asserted against it. Bay Crane met its burden of establishing that it neither supervised nor controlled the work resulting in

the plaintiff's injuries (*see Amaxes v Newmark & Co. Real Estate, Inc.,* 15 AD3d 321 [2005]; *Cooper v Sonwil Distrib. Ctr., Inc.,* 15 AD3d 878 [2005]), and neither created nor had actual or constructive notice of a defective condition (*see Beltrone v City of New York,* 299 AD2d 306 [2002]). In opposition, the appellants failed to raise a triable issue of fact.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.