■ DAVID RAMCHARAN, Respondent, v DANIEL W. PARISER et al., Respondents, JOHN M. IOANNOU, et al., Appellants, et al., Defendants. [799 NYS2d 564]—

In an action, inter alia, to recover damages for legal malprac-

tice, the defendants John M. Ioannou and John M. Ioannou, P.C., doing business as Ioannou & Associates, appeal from (1) an order of the Supreme Court, Kings County (Bayne, J.), dated October 5, 2004, which, in effect, granted that branch of the cross motion of the defendants Daniel W. Pariser and Pariser & Vogelman, P.C., which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) so much of an order of the same court also dated October 5, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the first order dated October 5, 2004, as, in effect, granted that branch of the cross motion of the defendants Daniel W. Pariser and Pariser & Vogelman, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them, is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511; *DeCandia v Calamia,* 15 AD3d 436 [2005]); and it is further,

Ordered that the first order dated October 5, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that the second order dated October 5, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The defendants Daniel W. Pariser and Pariser & Vogelman, P.C. (hereinafter the Pariser defendants), demonstrated their prima facie entitlement to summary judgment by showing that no attorney-client relationship existed between them and the plaintiff when a 90-day period to respond to a CPLR 3216 demand, served by a defendant in the plaintiff's underlying personal injury action, expired. In opposition, the defendants John M. Ioannou and John M. Ioannou, P.C., doing business as Ioannou & Associates (hereinafter the Ioannou defendants), failed to raise a triable issue of fact. Since the Ioannou defendants, as successor counsel, had sufficient time to comply with the demand, the Pariser defendants cannot be held liable for any damages resulting from their failure to do so (*see Perks v Lauto & Garabedian,* 306 AD2d 261 [2003]; *Kozmol v Law Firm of Allen L. Rothenberg,* 241 AD2d 484 [1997]).

Contrary to the contention of the Ioannou defendants, the Supreme Court properly denied their motion for summary judgment. After the Ioannou defendants made out a prima facie case for judgment as a matter of law, in opposition, the plaintiff, inter alia, raised a triable issue as to whether the Ioannou defendants were negligent in failing to respond properly to the

CPLR 3216 demand (*see Ramcharan v 625 Fulton Assoc.*, 300 AD2d 644 [2002]; *Basso v Lessing's Inc.*, 274 AD2d 488 [2000]). Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.