■ ARNOLD MARSHEL, Respondent, v R. MARK HOCHBERG et al., Appellants. [831 NYS2d 199]—

In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated August 26, 2005, as, upon renewal, adhered to its prior determination in an order dated February 15, 2005, denying their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an action to recover damages for legal malpractice, the plaintiff must establish that the attorney failed to exercise the skill, care, and diligence commonly possessed and exercised by an attorney, that such negligence proximately caused his damages, and that, but for the defendant's negligence, the result he or she sought could or would have been achieved (*see Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin*, 209 AD2d 510 [1994]; *see also Perks v Lauto & Garabedian*, 306 AD2d 261 [2003]; *Kozmol v Law Firm of Allen L. Rothenberg*, 241 AD2d 484, 485 [1997]; *Volpe v Canfield*, 237 AD2d 282 [1997]).

In support of their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of disproving proximate cause with evidence that, before the plaintiff allegedly incurred his damages, he had effectively discharged the defendants and retained successor counsel to perform the same services (*see Ramcharan v Pariser*, 20 AD3d 556, 557 [2005]; *Perks v Lauto & Garabedian, supra* at 262;

*Albin v Pearson,* 289 AD2d 272, 273 [2001]; *Kozmol v Law Firm of Allen L. Rothenberg, supra* at 486). In opposition, the plaintiff submitted evidence raising a triable issue of fact as to whether the scope of his subsequent counsel's duties broadly encompassed the services for which he had retained the defendants or whether his new counsel represented him only on a discrete issue *(see Wei Cheng Chang v Pi,* 288 AD2d 378, 380-381 [2001]; *Cleveland v Cromwell,* 128 App Div 237, 239 [1908]). Thus, the defendants' motion for summary judgment was properly denied. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.