◼ Max Markus Katz et al., Appellants, v Herzfeld & Rubin, P.C., Respondent. [853 NYS2d 104]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated October 2, 2006, which granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and denied, as academic, the cross motion of the plaintiff Ida Katz for summary judgment on the issue of liability on so much of the complaint as was asserted by her and for severance, and (2) from a judgment of the same court entered November 22, 2006, which, upon the order, is in favor of the defendant and against them, dismissing the complaint. The notice of appeal from the order dated October 2, 2006, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order dated October 2, 2006 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, and that

the attorney's breach of this duty proximately caused damages to the plaintiff (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]).

Here, the complaint alleges that the plaintiffs were forced to settle their underlying personal injury action for an amount far below what they would have recovered had it not been for the defendant's actions. A settlement of the underlying claim does not preclude a subsequent action for legal malpractice where the settlement was effectively compelled by the mistakes of counsel (*see Tortura v Sullivan Papain Block McGrath & Cannavo, P.C.,* 21 AD3d 1082 [2005]; *Rau v Borenkoff,* 262 AD2d 388 [1999]; *Lattimore v Bergman,* 224 AD2d 497 [1996]; *Bernstein v Oppenheim & Co.,* 160 AD2d 428, 430 [1990]).

In support of the motion to dismiss, the defendant submitted evidence establishing that the acts of malpractice alleged in the complaint, including the defendant's refusal to pursue a highly questionable claim for exaggerated lost earnings damages based on the injured plaintiff's life expectancy and its purported delay in retaining an economist to evaluate the lost earnings claim, did not cause any alleged reduction in the amount of the monetary settlement reached in the underlying personal injury action. The defendant demonstrated that the plaintiffs discharged it and hired new counsel five months before they settled the underlying action. Under these circumstances, the defendant established that its actions did not proximately cause the plaintiffs' alleged damages, and that subsequent counsel had a sufficient opportunity to protect the plaintiffs' rights by pursuing any remedies it deemed appropriate on their behalf (*see Ramcharan v Pariser,* 20 AD3d 556 [2005]; *Perks v Lauto & Garabedian,* 306 AD2d 261 [2003]; *Albin v Pearson,* 289 AD2d 272 [2001]; *Kozmol v Law Firm of Allen L. Rothenberg,* 241 AD2d 484 [1997]). Thus, the Supreme Court properly dismissed the legal malpractice cause of action.

Additionally, the Supreme Court correctly dismissed the remaining causes of action as they were duplicative of the legal malpractice claim (*see Amodeo v Kolodny, P.C.,* 35 AD3d 773 [2006]; *Shivers v Siegel,* 11 AD3d 447 [2004]).

In light of the proper dismissal of the complaint, the Supreme Court correctly denied the cross motion of the plaintiff Ida Katz as academic. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.