■ CAROLYN DONOVAN ROSENBAUM, Appellant, v SHERESKY ARONSON MAYEFSKY & SLOAN, LLP, et al., Defendants, and MAYERSON, STUTMAN, ABRAMOWITZ, LLP, et al., Respondents. [954 NYS2d 123]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated August 17, 2010, as granted that branch of the motion of the defendants Mayerson, Stutman, Abramowitz, LLP, and Alton L. Abramowitz which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging legal malpractice and breach of fiduciary duty insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against two sets of attorneys who represented her in a sharply contested matrimonial action which terminated in November 2008 pursuant to a separation agreement (hereinafter the separation agreement). As alleged in the amended complaint, the plaintiff was represented by the defendant Alton L. Abramowitz and two other members of the defendant firm Sheresky, Aronson, Mayefsky & Sloan, LLP (hereinafter the Sheresky Firm), beginning in February 2006. When Abramowitz joined the defendant firm Mayerson, Stutman, Abramowitz, LLP (hereinafter together the Mayerson Firm defendants), in or around August 2006, he continued to represent the plaintiff pursuant to a retainer agreement with that firm, as did the Sheresky Firm. According to the allegations in the amended complaint, the Mayerson Firm defendants' representation of the plaintiff continued until August 25, 2008, while the Sheresky Firm's representation of the plaintiff continued until approximately February 23, 2009.

The amended complaint alleged, inter alia, that the Sheresky Firm and the Mayerson Firm defendants negligently represented the plaintiff inasmuch as they failed to enforce previous favorable determinations in the form of pendente lite support, failed to enforce her rights to separate property under a prenuptial agreement, failed to secure her rights in the value of her former husband's medical licenses, and excessively billed

her, which resulted in a "wholly and completely inadequate" separation agreement.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810 [2011]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d at 810).

" 'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages' " (*Held v Seidenberg*, 87 AD3d 616, 617 [2011] [some internal quotation marks omitted], quoting *Dempster v Liotti*, 86 AD3d 169 [2011]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 441 [2007]).

Here, the Mayerson Firm defendants demonstrated that the plaintiff's allegation in the amended complaint that they continued to provide her with legal representation until August 25, 2008, was "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). The Mayerson Firm defendants tendered evidentiary material conclusively and indisputably demonstrating that their relationship with the plaintiff ended in March 2007, which was 19 months before the separation agreement was executed. In the interim, successor counsel, the Sheresky Firm, negotiated the separation agreement, which the plaintiff executed in November 2008. Under these circumstances, the Mayerson Firm defendants could not have been a proximate cause of the alleg-

edly "wholly inadequate" separation agreement (*see Marshel v Hochberg*, 37 AD3d 559 [2007]; *Perks v Lauto & Garabedian*, 306 AD2d 261, 261-262 [2003]; *Albin v Pearson*, 289 AD2d 272 [2001]). The remaining allegations of legal malpractice against the Mayerson Firm defendants are conclusory, and the plaintiff's affidavit failed to remedy those defects (*see Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]; *Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1022 [2007]; *Hart v Scott*, 8 AD3d 532 [2004]). Therefore, the Supreme Court properly granted that branch of the Mayerson Firm defendants' motion which was to dismiss the cause of action alleging legal malpractice insofar as asserted against them.

The Supreme Court properly granted dismissal of the cause of action alleging breach of fiduciary duty insofar as asserted against the Mayerson Firm defendants, as it was duplicative of the cause of action alleging legal malpractice (*see Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168, 1171 [2010]). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.