█ WAYNE C. GRANT, Plaintiff, v ANTHONY P. LATRACE, Appellants, and COLIN LIVERPOOL et al., Respondents. [990 NYS2d 227]—

In an action to recover damages for legal malpractice, the defendants Anthony P. LaTrace, Michael E. Glynn, and the Law Offices of Michael S. Lamonsoff, PLLC, appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated April 19, 2013, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this instant action against the defendants asserting a single cause of action sounding in legal malpractice. The defendants Anthony P. LaTrace, Michael E. Glynn, and the Law Offices of Michael S. Lamonsoff, PLLC (hereinafter collectively the Lamonsoff defendants), moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, contending that the actions of the defendants Colin Liverpool and Liverpool Law Office, P.C. (hereinafter together the Liverpool defendants), were the sole proximate cause of the plaintiff's damages because they had assumed representation of the plaintiff when there was sufficient opportunity to protect the plaintiff's rights. The plaintiff did not oppose the motion; however, the Liverpool defendants did. The Supreme Court denied the Lamonsoff defendants' motion. The Lamonsoff defendants appeal.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Siracusa v Sager*, 105 AD3d 937, 938 [2013]; *Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP*, 82 AD3d 719 [2011]). To establish proximate cause, it must be demonstrated that a plaintiff would have prevailed in the underlying action but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint are accepted as true, the plaintiff

is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Goldfarb v Schwartz*, 26 AD3d 462 [2006]). Applying these principles here, we agree that the complaint sufficiently states a cause of action to recover damages for legal malpractice against the Lamonsoff defendants.

The Lamonsoff defendants' contention, that the ability of successor counsel, i.e., the Liverpool defendants, to remedy any negligence of the predecessor counsel, i.e., the Lamonsoff defendants, during the approximately six-month period that the Liverpool defendants represented the plaintiff prior to the lapse of the applicable statute of limitations, is without merit. Unlike the cases relied upon by the Lamonsoff defendants (*see Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 641 [2008]; *Ramcharan v Pariser*, 20 AD3d 556, 557 [2005]; *Perks v Lauto & Garabedian*, 306 AD2d 261 [2003]; *Albin v Pearson*, 289 AD2d 272 [2001]; *Golden v Cascione, Chechanover & Purcigliotti*, 286 AD2d 281, 281 [2001]; *Kozmol v Law Firm of Allen L. Rothenberg*, 241 AD2d 484 [1997]), here, the Liverpool defendants could not have moved as of right to remedy the defects in service alleged. The Supreme Court would have had to exercise its discretion in the underlying action to extend the time to serve process (*see* CPLR 306-b, CPLR 2004), and it is pure speculation as to whether the court would have permitted such late service (*see generally Glamm v Allen*, 57 NY2d 87 [1982]; *Lanoce v Anderson, Banks, Curran & Donoghue*, 259 AD2d 965 [1999]). Accordingly the Supreme Court properly denied the Lamonsoff defendants' motion. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.