■ JOIN A. TOOMA, Respondent, v JOEL A. GROSSBARTH et al., Appellants. [995 NYS2d 593]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Orange County (Marx, J.), dated December 16, 2013, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs.

The defendants are an attorney and his law firm who represented the plaintiff in an underlying medical malpractice action that was commenced in December 2006. In the underlying action, the plaintiff alleged that he was injured as a result of medical malpractice arising from certain spinal surgery that he underwent on May 21, 2004, and the continuous "care and treatment" that he received until "at least June 18, 2004." In January 2012, while the underlying action was pending, it was brought to the attention of the Supreme Court in that action that the defendant Joel A. Grossbarth, the only practicing attorney associated with the defendant law firm Tognino & Grossbarth, LLP, was suspended from the practice of law. The Supreme Court stayed the underlying action until March 30, 2012, so that the plaintiff could retain new counsel. Thereafter, upon the motion of the defendants in the underlying action, the Supreme Court, in an order dated August 20, 2012, directed the dismissal of the complaint in the underlying action, based on the plaintiff's failure to proceed to trial.

On April 2, 2013, the plaintiff commenced the instant action to recover damages for legal malpractice, alleging, inter alia, that the defendants failed to timely commence an action against the proper parties in the underlying medical malpractice action. Prior to answering the complaint, the defendants moved to dismiss it pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied the motion. The defendants appeal. We affirm.

To establish a cause of action sounding in legal malpractice, a plaintiff must prove (1) that the attorney failed to exercise "the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," and (2) that "the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (*Frederick v Meighan*, 75 AD3d 528, 531 [2010]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP*, 82 AD3d 719 [2011]).

A party seeking relief pursuant to CPLR 3211 (a) (1) on the ground that his or her defense is founded upon documentary evidence " 'has the burden of submitting documentary evidence

that resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Flushing Sav. Bank, FSB v Siunykalimi*, 94 AD3d 807, 808 [2012], quoting *Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Camisa v Papaleo*, 93 AD3d 623 [2012]; *Makris v Darus-Salaam Masjid, N.Y., Inc.*, 91 AD3d 729 [2012]). In the instant matter, the documentary evidence submitted by the defendants, consisting of the orders issued by the Supreme Court in the underlying action, failed to utterly refute the plaintiff's allegations of malpractice or conclusively establish a defense as a matter of law in the instant action (*see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713 [2012]; *Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]). The plaintiff contends that the defendants failed to timely join proper parties in the underlying action. Accordingly, the fact that the Supreme Court dismissed the complaint in the underlying action, which was asserted solely against parties that were allegedly not culpable to the plaintiff for improper medical treatment, and was based solely on the failure to proceed to trial, does not dispose of the plaintiff's claim sounding in legal malpractice, since the order directing the dismissal of the complaint in the underlying action did not address the merits of the underlying action or the causes of action that the plaintiff may have had against the persons who were not joined as defendants in that action. Thus, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint in this action.

That branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) was likewise properly denied. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87-88; *Grant v LaTrace*, 119 AD3d 646 [2014]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Here, the plaintiff alleged that, but for the defendants' negligence, including their failure to assert "appropriate claims against the proper parties, . . . the Plaintiff's medical malpractice claim would have succeeded and resulted in a different, better and/or more positive outcome." Construing the complaint liberally, accepting the

facts alleged in the complaint as true, and according the plaintiff the benefit of every possible inference, as required, the plaintiff stated a cause of action to recover damages for legal malpractice (*see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587 [2014]; *Palmieri v Biggiani*, 108 AD3d 604 [2013]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38; cf. *Benishai v Epstein*, 116 AD3d 726, 728 [2014]; *Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]). Whether the plaintiff can ultimately prevail on these allegations is not relevant on this pre-answer motion to dismiss (*see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587 [2014]; *Palmieri v Biggiani*, 108 AD3d 604 [2013]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38).

The defendants argue that, had the plaintiff retained successor counsel in the underlying action, that counsel could have remedied any alleged negligence that the defendants might have committed in their capacity as initial counsel, thus breaking any causal link between the negligence of initial counsel and the plaintiff's damages. We reject the defendants' contention. Unlike the instant action, the cases upon which the defendants rely arise from matters where the relief sought by a party was an absolute right, or where control of the outcome of litigation was wholly in the hands of successor counsel (*see DiGiacomo v Levine*, 76 AD3d 946 [2010]; *Volpe v Canfield*, 237 AD2d 282 [1997]; *see also Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 641 [2008]; *Ramcharan v Pariser*, 20 AD3d 556, 557 [2005]; *Perks v Lauto & Garabedian*, 306 AD2d 261 [2003]; *Albin v Pearson*, 289 AD2d 272 [2001]; *Kozmol v Law Firm of Allen L. Rothenberg*, 241 AD2d 484 [1997]). In order to remedy the negligence allegedly committed by the defendants in their capacity as the plaintiff's initial counsel in the underlying action, any subsequent counsel in that action would have needed far more than a reasonably sufficient period of time in which to litigate the issue of the nonjoinder of proper parties (*see Grant v LaTrace*, 119 AD3d 646 [2014]). Rather, to remedy that alleged negligence, a substituted counsel, or the plaintiff pro se, would have had to successfully litigate a motion to join allegedly culpable parties as additional defendants in the underlying action approximately five years after the statute of limitations on the medical malpractice cause of action had expired (*see* CPLR 214-a, 203 [b]). The record before us provides no evidence to support the defendants' contention that such a motion would have been successful (*see Stevens v Winthrop S. Nassau Univ. Health Sys., Inc.*, 89 AD3d 835, 836 [2011]; *Matter of Murphy v Kirkland*, 88

AD3d 267 [2011]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444 [2007]).

Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the complaint. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.