Buongiovanni v Hasin (2018 NY Slip Op 04302)





Buongiovanni v Hasin


2018 NY Slip Op 04302


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-05202
2016-00632
 (Index No. 33080/14)

[*1]Cynthia Buongiovanni, appellant, 
v
David . Hasin, etc., et al., respondents.


Karen F. Winner, New York, NY, for appellant.
Voute, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (Edward G. Warren of counsel), for respondents.
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from two orders of the Supreme Court, Rockland County (William A. Kelly, J.), dated June 1, 2015, and January 6, 2016, respectively. The order dated June 1, 2015, insofar as appealed from, granted that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice, which had been denied in an order of that court dated March 26, 2015, and, upon renewal, in effect, vacated that determination and thereupon granted that branch of the defendants' prior motion. The order dated January 6, 2016, denied that branch of the plaintiff's motion which was for leave to reargue her opposition to that branch of the defendants' motion which was for leave to renew.



DECISION & ORDER
Motion by the defendants to dismiss the appeal from the order dated January 6, 2016, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated March 15, 2016, the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from the order dated January 6, 2016, is dismissed; and it is further,
ORDERED that the order dated June 1, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The defendant David V. Hasin, the principal of the defendant Law Office of David V. Hasin, represented the plaintiff in related divorce actions. Hasin was permitted to withdraw as [*2]counsel, and the plaintiff was assigned new counsel. The plaintiff's assigned counsel was permitted to withdraw as counsel five days prior to the start of the trial in the first action, and the Supreme Court denied the plaintiff's application for an adjournment to enable her to obtain new counsel and conduct further discovery. The parties proceeded to trial, resulting in a decision after trial and a judgment of divorce dated August 20, 2012.
On November 5, 2014, the plaintiff commenced this action, inter alia, to recover damages for legal malpractice, alleging that Hasin provided her with negligent representation in the divorce actions. In January 2015, the defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice, arguing that successor counsel could have remedied any alleged deficiencies in Hasin's representation. In an order dated March 26, 2015, the Supreme Court, inter alia, denied the branch of the defendants' motion which was to dismiss the cause of action alleging legal malpractice, noting that "at this point in the litigation, the Court cannot conclude as a matter of law that successor counsel had an adequate opportunity to correct the alleged inadequacies in [Hasin's] representation."
In April 2015, the defendants moved, inter alia, for leave to renew that branch of their motion which was to dismiss the cause of action alleging legal malpractice. In support of their motion, they submitted a decision and order of this Court dated November 19, 2014, which, inter alia, vacated the judgment of divorce and remitted the matter to the Supreme Court to allow the plaintiff to obtain new counsel in the divorce actions and to conduct further discovery (see Buongiovanni v Buongiovanni, 122 AD3d 786). The defendants asserted that they had not located the decision and order dated November 19, 2014, before making their motion to dismiss because they misspelled the plaintiff's name during an online search for decisions involving the plaintiff. In an order dated June 1, 2015, the Supreme Court, among other things, granted that branch of the defendants' motion which was for leave to renew, and, upon renewal, in effect, vacated the prior determination and thereupon granted that branch of the defendants' prior motion which was to dismiss the cause of action alleging legal malpractice.
The plaintiff then moved, inter alia, for leave to reargue her opposition to that branch of the defendants' motion which was for leave to renew. In an order dated January 6, 2016, the Supreme Court denied that branch of the plaintiff's motion which was for leave to reargue. The plaintiff appeals from the orders dated June 1, 2015, and January 6, 2016.
The appeal from the order dated January 6, 2016, must be dismissed, as no appeal lies from an order denying reargument (see Kamel v Mukhopady, 156 AD3d 688).
"A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination'" (Federal Natl. Mtge. Assn. v Sakizada, 153 AD3d 1236, 1237, quoting CPLR 2221[e][2]). "The new or additional facts presented either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (Hernandez v Nwaishienyi, 148 AD3d 684, 687, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). " However, in either instance, a reasonable justification for the failure to present such facts on the original motion must be presented'" (Hernandez v Nwaishienyi, 148 AD3d at 687, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586). "The Supreme Court has discretion in determining what constitutes a reasonable justification for a party's failure to present certain facts initially" (Martelloni v Martelloni, 154 AD3d 924, 926).
Here, the vacatur of the judgment of divorce in the decision and order dated November 19, 2014, was a new fact not offered on the prior motion to dismiss that would change the original determination (see CPLR 2221[e][2]). The judgment of divorce was vacated based upon the Supreme Court's improvident exercise of discretion in denying the plaintiff's adjournment request in the divorce actions (see Buongiovanni v Buongiovanni, 122 AD3d at 788), and in the present action the plaintiff does not seek to recover damages based upon the expenses incurred in connection with her appeal from the judgment of divorce (cf. Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443). Since the judgment of divorce was vacated and the plaintiff was [*3]afforded an opportunity to retain new counsel and to conduct further discovery, the plaintiff cannot, under these circumstances, establish that she has sustained damages proximately caused by Hasin's alleged negligent representation (see Katz v Herzfeld & Rubin, P.C., 48 AD3d 640, 641; Perks v Lauto & Garabedian, 306 AD2d 261, 262; Albin v Pearson, 289 AD2d 272, 272-273; cf. Tooma v Grossbarth, 121 AD3d 1093). Further, the defendants' failure to discover the decision and order dated November 19, 2014, due to a spelling error was tantamount to law office failure which, under the circumstances of this case, constituted a reasonable justification (see Hackney v Monge, 103 AD3d 844, 845; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391-392).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was to dismiss the legal malpractice cause of action, and, upon renewal, in effect, vacate the prior determination and thereupon grant that branch of the defendants' prior motion.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court