Lopez v Lozner & Mastropietro, P.C. (2018 NY Slip Op 08017)





Lopez v Lozner & Mastropietro, P.C.


2018 NY Slip Op 08017


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-06354
 (Index No. 501156/17)

[*1]George Lopez, appellant, 
v
Lozner & Mastropietro, P.C., et al., respondents.


Michelstein & Associates, PLLC, New York, NY (Richard A. Ashman and Stephen Riegal of counsel), for appellant.
Ohrenstein & Brown, LLP, Garden City, NY (Adam M. Nicolazzo of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 4, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging legal malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging legal malpractice is denied.
On November 4, 2011, the plaintiff, a pedestrian, allegedly was injured when he was struck by a motor vehicle. Thereafter, the plaintiff retained the defendant law firm, Lozner & Mastropietro, P.C. (hereinafter the law firm), to represent him in connection with the accident, and the law firm commenced an action on behalf of the plaintiff against the operator of the vehicle. In January 2017, the plaintiff commenced this action against the law firm and two of its principals, inter alia, to recover damages for legal malpractice. The plaintiff alleged that the driver of the offending vehicle was working for Domino's Pizza, LLC (hereinafter Domino's), making a pizza delivery at the time of the subject accident, and that the defendants were negligent in failing to timely commence an action against Dominos. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action to recover damages for legal malpractice.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists [*2]regarding the alleged fact, the complaint shall not be dismissed" (Bodden v Kean, 86 AD3d 524, 526; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman Sachs & Co., 5 NY3d 11, 19; Tooma v Grossbarth, 121 AD3d 1093, 1095).
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Dempster v Liotti, 86 AD3d 169, 176 [internal quotation marks omitted]; see Leder v Spiegel, 9 NY3d 836, 837). Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the plaintiff stated a cause of action to recover damages for legal malpractice (see Tooma v Grossbarth, 121 AD3d at 1095-1096; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 589; Reynolds v Picciano, 29 AD2d 1012, 1012). The evidentiary submissions did not establish that a material fact alleged in the complaint is not a fact at all and that no significant dispute exists regarding it (see Bodden v Kean, 86 AD3d at 526). Contrary to the defendants' contention, the plaintiff was entitled to commence this legal malpractice action even though the underlying personal injury action was still pending, as the legal malpractice action accrued, at the latest, in November 2014 (see Johnston v Raskin, 193 AD2d 786, 787).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action to recover damages for legal malpractice.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court