Fora Fin. Warehouse, LLC v PMGL LLC (2024 NY Slip Op 50678(U))

[*1]

Fora Fin. Warehouse, LLC v PMGL LLC

2024 NY Slip Op 50678(U)

Decided on June 5, 2024

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2024
Supreme Court, Nassau County

Fora Financial Warehouse, LLC, Plaintiff,

against
PMGL LLC d/b/a PMGL LLC and MARIA PEACE, Defendants.

Index No. 618152/2023

Sarika Kapoor, J.

NYSCEF docs. 5-15 and 33-37 were read and considered in deciding this motion. 
Defendants move, pre-answer, for an Order dismissing the complaint pursuant to CPLR 3211(a)(7) for failure to state a claim and pursuant to CPLR 3211(a)(8) and General Obligations Law § 5-1402 for lack of jurisdiction. Plaintiff opposes.
BACKGROUND
On or about April 26, 2022, plaintiff and the defendant PMGL LLC (hereinafter "company defendant") entered into a contract (hereinafter "the contract"), pursuant to which the plaintiff agreed to purchase $193,500 worth of company defendant's future receivables ("the purchase amount") for the price of $150,000.[FN1]
The contract provided that the purchase amount was to be remitted to plaintiff from a bank account from which the plaintiff was authorized to make ACH withdrawals. Company defendant's obligations under the contract were personally guaranteed by defendant Maria Peace (hereinafter "guarantor"). On or about April 26, 2022, pursuant to the contract, the plaintiff remitted to company defendant the purchase price minus the agreed to fees. Initially, defendants paid $150,450 to plaintiff, but ultimately breached the contract on January 30, 2023 by failing to remit payments to plaintiff, leaving a balance of $43,050.
On November 7, 2023, plaintiff commenced this action alleging, inter alia, that company defendant defaulted under the terms of the contract by failing to properly direct payments to plaintiff. Plaintiff alleges that it is owed the sum of $43,085 in addition to costs, post judgment interest, and reasonable attorneys' fees.
Specifically, the complaint alleges four causes of action: (1) breach of contract against company defendant, (2) to recover on the personal guaranty against guarantor, (3) for conversion [*2]against company defendant, and (4) for an account stated against company defendant.

 MOTION SEQUENCE 001
Defendants move to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a claim and pursuant to CPLR 3211(a)(8) and General Obligations Law § 5-1402 for lack of jurisdiction.
In support of their motion seeking dismissal for failure to state a claim, counsel for defendants submits that the allegations made in the complaint are "bare-bones assertions and nothing more" as well as "duplicative and should be dismissed with prejudice." In furtherance of their argument that the court lacks jurisdiction over defendants, counsel for defendants asserts that plaintiff fails to allege any reason that the instant matter should be adjudicated in New York and that the choice of forum provision in the contract is not grounded in law or fact.
In opposition, counsel for plaintiff asserts that the allegations of plaintiff's complaint and the supporting exhibits make clear that it has stated a cause of action against the defendants for the causes of action alleged in the complaint, requiring the denial of defendants' motion to dismiss. Counsel for plaintiff further asserts that defendants' argument that the claims for an account stated and for conversion are duplicative is premature for a pre-answer motion to dismiss and that defendants never actually argue that plaintiff failed to allege any cause of action asserted. Further, counsel for plaintiff argues that defendants unequivocally consented to this Court's jurisdiction and waived any objections thereto, agreeing that the contract would be governed by the laws of the state of New York.
In opposition to the instant motion, plaintiff also submits, inter alia, a copy of the contract and an affidavit of Jonathan Headley ("Headley"), a director of plaintiff. In his affidavit, Headley asserts, inter alia, that the parties explicitly agreed that the contract would be governed by the laws of the State of New York, that the parties explicitly consented to New York jurisdiction and venue, and that plaintiff performed its obligations under the contract in New York.

 RELEVANT LAW AND DISCUSSION
On a motion to dismiss pursuant to CPLR 3211(a)(7), the facts alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]; Grant v LaTrace, 119 AD3d 646 [2d Dept 2014]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove his or her claims, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss (see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2d Dept 2006]). "[A]ny deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]), and "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon, 84 NY2d at 88). "The test of the sufficiency of a pleading is whether it gives sufficient notice of the ... occurrences[ ] or series of ... occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" (Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573, 573 [2d Dept 2014] [internal quotation marks omitted]).
Here, construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, as required, [*3]this Court finds that the plaintiff has stated a cause of action to recover damages for the four causes of action alleged in the complaint (Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587 [2d Dept 2014]; Shaya B. Pac., LLC, 38 AD3d at 38). Fatal to defendants' argument for dismissal under CPLR 3211(a)(7) is defendants' reliance on the claim that the causes of action are duplicative. Wholly centering their argument on this claim, defendants fail to allege any explanation or argument as to why that the facts presented in the complaint are insufficient to fit within a cognizable legal theory (see Leon, 84 NY2d at 88) or that the allegations made in the complaint are "utterly refute[d]" by the documentary evidence submitted by defendants (see Robertson v Wells95 AD3d 862[2d Dept 2012]). As a result, defendants have not established that plaintiff has failed to state a cause of action for any of the four causes of action alleged in the complaint.
To defeat a CPLR 3211(a)(8) motion to dismiss a complaint, "the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (Jacobs v 201 Stephenson Corp.,138 AD3d 693, 694 [2d Dept 2016] quoting Whitcraft v Runyon, 123 AD3d 811, 812 [2d Dept 2014]). "The parties to an agreement may freely select a forum which will resolve any disputes over the interpretation or performance of the contract. Such a forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (see Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 836 [2d Dept 2009] [internal citations omitted]; see also, LSPA Enter., Inc. v Jani-King of NY, Inc., 31 AD3d 394 [2d Dept 2006]). Absent a strong showing that it should be set aside, a forum selection agreement will control" (see Bernstein v Wysoki, 77 AD3d 241 [2d Dept 2010] [internal citations and quotations omitted].
Here, in support of the instant motion, plaintiff submitted affidavits of service indicating that guarantor and company defendant were personally served pursuant to CPLR 308 and CPLR 311, respectively. Plaintiff also submitted a copy of the contract which indicates that the parties agreed that New York would be the forum of any disputes and that defendants waived any objections to venue. It is clear from the submissions herein that defendants were properly served and that defendants consented to jurisdiction in New York. Defendants failed to make any showing as to why the forum selection clause should be set aside (see generally Bernstein v Wysoki, 77 AD3d at 250). Therefore, defendants' motion to dismiss based on lack of jurisdiction cannot prevail.
Finally, defendants assert that under General Obligations Law § 5-1402 this Court lacks jurisdiction as the claims raised by plaintiff does not satisfy the $1 million threshold. General Obligations Law § 5-1402 provides:
Notwithstanding any act which limits or affects the right of a person to maintain an action or proceeding any person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5- 401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such [*4]foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state
In Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v Worley (257 AD2d 228 [1st Dept 1999]), the Court found that General Obligations Law § 5-1402 was "not a limitation on the use and effectiveness of forum selection clauses. Rather, it contains a statutory mandate that a clause designating New York as the forum 'shall' be enforceable, in cases involving $1 million or more, regardless of any inconvenience to the parties" (Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v Worley, 257 AD2d 228, 230 [1st Dept 1999]). Therefore, the argument proffered by defendants, that the case should not be allowed to proceed in a New York forum because the amount in controversy in this matter is below $1 million is, without merit.

 CONCLUSION
Accordingly, it is hereby,
ORDERED, that the defendants' pre-answer motion to dismiss the complaint pursuant to CPLR 3211(a)(7), CPLR 3211(a)(8), and General Obligations Law § 5-1402 is DENIED; and it is further,
ORDERED, that defendants' time to serve an answer is extended until ten (10) days after notice of entry has been served for this decision and order.
The parties' remaining contentions have been considered and do not warrant discussion.
This constitutes the decision and order of this Court.
Dated: June 5, 2024
Mineola, New York
E N T E R :
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1:The Court notes that defendants entered into the contract with Fora Financial Advance, LLC. Subsequently, the contract and all of the rights associated therewith were assigned to Fora Financial Warehouse, LLC, who is the plaintiff in this action.