■ DEBORAH STEVENS, Respondent, v GRANVILLE L. STEVENS, Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered June 1, 1990, which, *inter alia,* denied defendant's motion to dismiss this action due to plaintiff's failure to serve her complaint pursuant to CPLR 3012 (b), unanimously affirmed, with costs and disbursements.

On September 6, 1989, plaintiff wife instituted a divorce and

custody action. The summons with notice indicates that the grounds for the action are cruel and inhuman treatment of plaintiff by defendant, adultery of defendant, and abandonment of plaintiff by defendant for one or more years. The summons was served with an order to show cause seeking omnibus pendente lite relief. Defendant served a notice of appearance on September 15, 1989. A settlement conference was held on October 4, 1989 and both sides' attorneys agreed to an indefinite deferral of service of the complaint in the interest of pursuing a settlement.

Thereafter numerous issues such as child support were litigated. The case was conferenced several times and discovery notices were sent. Settlement negotiations continued. In March 1990, defendant rejected a settlement proposal of plaintiff. Notably, no demand for service of the complaint was ever made.

In April 1990, defendant substituted counsel and new counsel immediately moved the court for dismissal of the action pursuant to CPLR 3012 (b). Plaintiff served a verified complaint on April 25, 1990 and opposed the motion. The IAS court denied the motion finding that plaintiff had presented a reasonable excuse for the delay and had demonstrated a meritorious claim by submission of the verified complaint.

Defendant asserts that the action must be dismissed since plaintiff failed to serve her complaint in accordance with CPLR 3012 (b). CPLR 3012 (b) sets forth the parameters for timely service of a complaint and provides that if such service is not made, "[t]he court upon motion may dismiss the action". However, the IAS court has considerable discretion when considering a motion to dismiss pursuant to CPLR 3012 (b). *(See, Barasch v Micucci,* 49 NY2d 594, 599.) To avoid dismissal, the plaintiff must demonstrate a reasonable excuse for the delay and a meritorious claim against the defendant. *(Supra.)*

As the record reveals, plaintiff demonstrated a reasonable excuse for the delay in serving the complaint and a meritorious claim against defendant. Plaintiff adequately demonstrated that she had not served the complaint because the parties' original attorneys agreed that service of the complaint would be deferred to facilitate settlement negotiations. Notably the ongoing litigation throughout the entire period in question indicates that defendant was well aware that plaintiff had no intention of abandoning her divorce and custody action. *(See, e.g., Leogrande v Glass,* 106 AD2d 431; *and see, Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333.) Plaintiff also

provided proof of a meritorious claim by serving the verified complaint. *(See, e.g., Donnelly v Pepicelli,* 58 NY2d 268; *and see, e.g., A & J Concrete Corp. v Arker,* 54 NY2d 870.)* The detailed verified complaint sufficiently demonstrates a meritorious claim for purposes of defeating this CPLR 3012 (b) dismissal motion. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.