MICHAEL RUSSO, Appellant, v JOANNE MACCHIA-SCHIAVO et al., Respondents. [898 NYS2d 483]—

In an action, inter alia, to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated October 1, 2008, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), (5) and (7).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint is denied.

The plaintiff commenced this action; inter alia, to impose a constructive trust, alleging that his niece, the defendant Joanne Macchia-Schiavo, entered into an agreement with his brother Anthony Russo (hereinafter Anthony) whereby Anthony would transfer his assets to Machia-Schiavo during his lifetime and in

his will, and after Anthony's death, Macchia-Schiavo would divide the assets equally between the plaintiff and his sister, the defendant Lucy Macchia. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), (5) and (7), submitting a copy of Anthony's will, which had been probated by the Surrogate's Court in New Jersey, and affidavits of the defendants and the attorney who drafted Anthony's will. In opposition, the plaintiff submitted no evidence, relying solely on the allegations in the complaint. In their reply papers, the defendants requested that the motion be considered also as a CPLR 3212 motion for summary judgment. The Supreme Court did not convert the motion to a CPLR 3212 motion; rather, it granted the motion pursuant to CPLR 3211 (a) (1), (2), (5) and (7). We reverse.

Inasmuch as the will did not contradict the plaintiff's allegations, the documentary evidence submitted by the defendants did not "utterly refute[ ] the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" pursuant to CPLR 3211 (a) (1) (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Moreover, the motion should not have been granted pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The complaint stated viable causes of action, and since the motion was not converted into one for summary judgment, the plaintiff was not put on notice of any obligation to come forward with evidentiary support for his claims (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). Finally, contrary to the conclusions of the Supreme Court, the plaintiff's causes of action are not barred by the doctrine of res judicata (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]), and the Supreme Court has subject matter jurisdiction over the plaintiff's causes of action.

The defendants' remaining contention is without merit. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur. [**Prior Case History: 2008 NY Slip Op 32979(U).**]