■ Allan Reiver et al., Appellants, v Burkhart Wexler & Hirschberg, LLP, et al., Respondents. [901 NYS2d 690]—

In an action to recover damages for breach of fiduciary duty and legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 19, 2009, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action sounding in breach of fiduciary duty.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was, pursuant to CPLR 3211 (a), to dismiss the cause of action sounding in breach of fiduciary duty is denied.

The plaintiffs commenced this action against their former attorneys, alleging, inter alia, that the attorneys breached their fiduciary duty to them by charging them excessive legal fees. In lieu of answering, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a). In support of their motion, the defendants submitted the complaint, the affidavit of an attorney from another firm who was alleged by the plaintiffs to have been engaged by the defendants as a legal consultant, and copies of the invoices the defendants had sent to the plaintiffs. The Supreme Court granted the motion, concluding that the plaintiffs' allegations in support of the cause of action sounding in breach of fiduciary duty "are unsupported by any documentation, and without any affidavits from the plaintiffs that remed[y] such defect, the plaintiffs do not establish such a cause of action."

In considering a motion to dismiss pursuant to CPLR 3211, the court must afford the complaint a liberal construction and "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Contrary to the defendants' contentions on appeal, the allegations of the complaint are sufficient to state a viable cause of action sounding in breach of fiduciary duty. Furthermore, "CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal . . . [U]nless the motion to dismiss is converted by the court to a motion for summary judgment, he will not be penalized because he has not made an evidentiary showing in support of his complaint" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Since the Supreme Court did not convert the defendants' motion into one for summary judgment, "the plaintiff[s] [were] not put on notice of any obligation to come forward with evidentiary support for [their] claims" (*Russo v Macchia-Schiavo*, 72 AD3d 786 [2010]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). Thus dismissal pursuant to CPLR 3211 (a) (7) was not warranted.

Moreover, the materials submitted by the defendants in support of their motion did not constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1) (*see Fontanetta v John Doe 1*, 73 AD3d 78 [2010]) and, in any event, did not "utterly

refute[ ] plaintiff[s'] factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d at 88; *Russo v Macchia-Schiavo*, 72 AD3d 786 [2010]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]). Thus, dismissal pursuant to CPLR 3211 (a) (1) was not warranted.

Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the cause of action sounding in breach of fiduciary duty. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.