■ Daphne Cohen, Respondent, v Novia M. Cohen-Fisher, Defendant, and Wells Fargo Financial Credit Services New York, Inc., Appellant. [911 NYS2d 98]—

In an action to rescind or reform a note based on fraud, the defendant Wells Fargo Financial Credit Services New York, Inc., appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated November 4, 2009, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, at the request of her sister, the defendant Novia Cohen-Fisher, cosigned a note in the amount of $504,402.80. According to the plaintiff, she had been informed in all prior discussions with her sister and employees of the defendant Wells Fargo Financial Credit Services New York, Inc. (hereinafter Wells Fargo), that the note she was being asked to sign was in the amount of $35,000. The plaintiff alleged that when she signed the note at the offices of Wells Fargo, she was not presented with the first page of the note, which was the only page that contained the amount of the note. According to the plaintiff, when she asked a Wells Fargo employee to provide her with the entire document, the employee informed her that she had no other pages in her possession because the sister had taken the other pages with her earlier in the day, but assured the plaintiff that the amount of the note was $35,000.

The plaintiff subsequently commenced this action seeking to rescind or reform the note based on fraud. Wells Fargo moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The Supreme Court denied the motion. We affirm.

Assuming the truth of the plaintiff's allegations, as required on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Sokol v Leader*, 74 AD3d 1180 [2010]), the plaintiff stated a cognizable cause of action sounding in fraud. Wells Fargo's contention that the plaintiff failed to allege the element of justifiable reliance because a reading of the document would have revealed the true

amount of the loan is unavailing, since the complaint alleges that the page of the note setting forth the amount of the loan was not available to the plaintiff at the time that she signed the note (*cf. Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785 [2009]; *Dunkin' Donuts of Am. v Liberatore*, 138 AD2d 559, 560 [1988]). Under these circumstances, the issue of whether the plaintiff's reliance was justified cannot be determined at the pleading stage of the proceedings (*see Braddock v Braddock*, 60 AD3d 84, 88 [2009]; *see generally Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149 [2010]). Accordingly, the Supreme Court properly denied Wells Fargo's motion to dismiss the complaint insofar as asserted against it.

Wells Fargo's remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.