(December 7, 2010)

■ Escape Airports (USA), Inc., Respondent, v Kent, Beatty & Gordon, LLP, Appellant. [913 NYS2d 47]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 23, 2009, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

The complaint, premised on defendant law firm's alleged failure to include a provision permitting plaintiff to terminate its individual agreements with air carriers in the event the owner of the airport terminal space terminated plaintiff's right to occupy the subject lounge spaces, stated a cause of action sufficient to withstand the motion to dismiss. It sufficiently pleaded that defendant failed to exercise the ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession in failing to include such a termination provision, and that plaintiff sustained actual and ascertainable damages as a result of this breach of duty (*Barbara King Family Trust v Voluto Ventures LLC*, 46 AD3d 423, 424 [2007]). The allegation that plaintiff had to forego an opportunity to cut its losses and instead incur further expenditures and debt, in order to continue providing lounge services to the same number of airline passengers in half the amount of space, sufficiently states a claim for ascertainable and quantifiable damages. We also reject defendant's contentions that plaintiff did not sufficiently allege proximate cause, and that the claim is unduly speculative because it rests on a hypothetical assumption that the airlines would have accepted such a termination provision. The essence of plaintiff's claim is that it consulted defendant for advice concerning the individual contracts with airlines that were based on the template agreement defendant had drafted; defendant gave it bad advice in failing to recommend that a termination provision be added or otherwise advise plaintiff that such protection was lacking; plaintiff had no way of knowing that it had been given bad advice until after it signed the individual agreements; the airlines had an incentive to agree to a termination provision because plaintiff would not otherwise have been able to provide the contracted for lounge services;

and but for this omission, plaintiff would not have incurred damages.

At this juncture, i.e., the motion to dismiss, the professional judgment rule cannot be invoked to determine whether defendant was negligent in failing to include a termination provision, because the state of the record does not allow a determination as a matter of law that defendant deliberately excluded that provision in favor of an equally protective alternative provision (*see e.g. Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Zarin v Reid & Priest*, 184 AD2d 385, 386-387 [1992]). Nor can we conclude that it is or is not overly speculative to surmise that a carrier would have agreed to a termination clause in its lease equivalent to that found in plaintiff's agreement with the airport.

We also decline to upset the court's refusal to dismiss the claim to the extent it is predicated on defendant's alleged failure to include upper-limit-of-passengers and exclusivity provisions. Plaintiff has offered evidence that it suffered damages due to one airline vacating the premises during the lease period, and using the services of another lounge. Whether restrictive lease provisions would have been acceptable to the vacating airline is an issue we need not determine.

That portion of the motion addressing plaintiff's claim predicated on the occupancy agreement entered into with JFK International Air Terminal LLC was also correctly denied. The fact that plaintiff signed, and is thus bound by, the terms of this agreement does not preclude an action for malpractice against the attorney who assisted in drafting it. Plaintiff alleges that it retained defendant for the express purpose of providing advice with respect to standard terms and conditions to be incorporated in the occupancy agreement. It further alleges that defendant agreed to undertake this task, and did provide plaintiff with very specific comments regarding the standard terms and conditions, but failed to highlight or comment on the termination provision. It is axiomatic that counsel "may not shift to the client the legal responsibility it was specifically hired to undertake because of its superior knowledge" (*Hart v Carro, Spanbock, Kaster & Cuiffo*, 211 AD2d 617, 619 [1995]). Thus, a fact issue is presented as to whether defendant was negligent in the performance of duties within its area of expertise, and for which expertise it was retained.

Finally, we reject defendant's contention that the damages sought in the claim based on the occupancy agreement are too speculative. The complaint alleges actual and ascertainable damages flowing from defendant's failure to point out and protect plaintiff against any harm arising from JFK's right to terminate

without cause on three months' notice, including expenditures for architecture, design, construction and legal fees.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31077(U).]**