■ MITCHELL P. LIEBERMAN et al., Respondents, v DAVID GREEN, Appellant. [32 NYS3d 239]—

In an action to recover unpaid legal fees, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Hubert, J.), dated June 3, 2014, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (a) to dismiss his counterclaim to recover damages for legal malpractice.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (a) to dismiss the defendant's counterclaim to recover damages for legal malpractice is denied.

The defendant retained the plaintiff law firm, Lieberman & LeBovit (hereinafter the law firm), to represent him in an underlying divorce action commenced against him by his now former wife (hereinafter the wife). On March 9, 2012, during the course of the divorce action, the parties agreed to resolve all matters in the action and a stipulation of settlement was read into the record by the plaintiff Mitchell Lieberman, a member of the plaintiff law firm, and transcribed by a court reporter who was present with the parties at the office of the wife's counsel. According to the transcript, it was the parties' intention to have the stipulation so-ordered by the Supreme Court at an appearance on March 15, 2012. However, the settlement was not so-ordered by the court on that date, or at any

point thereafter. At some point, the wife repudiated the agreement.

In August 2012, the defendant discharged the plaintiffs and retained new counsel. On or about December 3, 2012, the plaintiffs commenced this action to recover unpaid legal fees. The defendant answered and asserted, inter alia, a counterclaim alleging that the plaintiffs committed legal malpractice in that they were negligent in failing to have a written stipulation of settlement signed by the parties and in failing to have the settlement so-ordered by the Supreme Court. The defendant claimed that, as a result, he incurred additional legal fees in having to continue litigating the divorce action. The plaintiffs moved, inter alia, to dismiss that counterclaim pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the plaintiffs' motion. The defendant appeals from so much of the order as granted that branch of the plaintiffs' motion which was to dismiss the counterclaim to recover damages for legal malpractice.

The Supreme Court improperly granted that branch of the plaintiffs' motion which was to dismiss the counterclaim to recover damages for legal malpractice. On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the pleading is afforded a liberal construction and the court must give the party "the benefit of every possible favorable inference, accept the facts alleged in the [pleading] as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (*High Tides, LLC v DeMichele*, 88 AD3d 954, 956 [2011] [internal quotation marks omitted]; *see McDonnell v Bradley*, 109 AD3d 592, 593 [2013]). "CPLR 3211 (a) (7) dismissals merely address the adequacy of the [pleading], and do not reach the substantive merits of a [party's] cause of action" (*Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 255 [2012]). Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss (*see Tooma v Grossbarth*, 121 AD3d 1093, 1095-1096 [2014]; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 589 [2014]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]).

"To state a cause of action to recover damages for legal malpractice, a [party] must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the

[party] actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007]; *see Stewart Tit. Ins. Co. v Wingate, Kearney & Cullen*, 134 AD3d 924, 925 [2015]). However, a party is not obligated to show, on a motion to dismiss, that he or she actually sustained damages. He or she only has to plead allegations from which damages attributable to the attorney's malpractice might be reasonably inferred (*see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C.*, 125 AD3d 822, 823 [2015]; *Fielding v Kupferman*, 65 AD3d 437, 442 [2009]; *Kempf v Magida*, 37 AD3d 763, 764 [2007]).

Here, construing the counterclaim liberally, accepting the facts alleged in the counterclaim as true, and according the defendant the benefit of every possible inference, the defendant has stated a cause of action alleging legal malpractice (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Tooma v Grossbarth*, 121 AD3d at 1095). The counterclaim alleged that the plaintiffs were negligent in failing to ensure that the settlement was enforceable by having the parties sign a written stipulation of settlement or in having the settlement so-ordered by the Supreme Court, and that this negligence was a proximate cause of the defendant's damages.

To the extent that the counterclaim was dismissed on the basis of documentary evidence pursuant to CPLR 3211 (a) (1), dismissal on such ground also was improper because the transcribed settlement submitted by the plaintiffs in support of their motion did not conclusively establish a defense as a matter of law (*see Tooma v Grossbarth*, 121 AD3d at 1094-1095; *Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923, 925 [2014]; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d at 588; *Palmieri v Biggiani*, 108 AD3d 604, 607-608 [2013]; *Siracusa v Sager*, 105 AD3d 937, 938 [2013]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38-39).

Accordingly, that branch of the plaintiffs' motion which was to dismiss the defendant's counterclaim to recover damages for legal malpractice should have been denied. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.