Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about February 2, 2017, which denied defendant/third-party plaintiff’s (defendant attorney) motion to dismiss the complaint; and order, same court and Justice, entered on or about February 2, 2017, which granted third-party defendants-respondents’ motion to dismiss the third-party complaint, unanimously affirmed, without costs.
 

 Plaintiffs alleged in their complaint that defendant attorney was negligent in failing to timely file an underlying malpractice claim in arbitration as against plaintiffs’ original attorneys, and that, as a result of such negligence, plaintiffs’ late-filed arbitration claim for actual and ascertainable damages was permanently stayed (see Herrick Feinstein LLP v Baram, 132 AD3d 499 [1st Dept 2015]). These factual allegations, as supplemented by plaintiffs’ papers in opposition to defendant attorney’s dismissal motion, sufficiently alleged a legal malpractice claim (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]; Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437 [1st Dept 2010]).
 

 Defendant attorney’s argument that plaintiffs’ papers in opposition to his motion to dismiss lacked evidentiary value because the annexed affidavits were notarized by the third-party defendant attorney (Feldman) and Feldman only submitted affirmations rather than affidavits, is unavailing. Feldman was not a party to plaintiffs’ action alleging malpractice, and as such, his submission of affirmations was appropriate, particularly since the causes of action in plaintiffs’ action and the third-party action were distinct and independent of one another (see CPLR 2106). Also, Feldman did not have a direct, pecuniary interest in the malpractice action, and thus was capable of acting as a notary in that action (see New York Department of State, Division of Licensing Services, Notary Public License Law at 7 [June 2016], http://www.dos.ny.gov/licensing/ lawbooks/notary.pdf [accessed Aug. 28, 2017]).
 

 The motion court correctly dismissed the third-party complaint, as the viability of its claims for, among other things, abuse of process, fraud on the court, and tortious interference with advantageous business relationships were wholly undermined by the submissions on the motions.
 

 We have considered defendant attorney’s remaining arguments and find them unavailing.
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.