Macquarie Capital (USA) Inc. v Morrison & Foerster LLP (2018 NY Slip Op 00091)





Macquarie Capital (USA) Inc. v Morrison & Foerster LLP


2018 NY Slip Op 00091


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Manzanet-Daniels, J.P., Mazzarelli, Kapnick, Webber, JJ.


5165 650988/15

[*1]Macquarie Capital (USA) Inc., Plaintiff-Appellant,
v
Morrison & Foerster LLP, Defendant-Respondent.


Marino, Tortorella & Boyle, P.C., New York (Kevin H. Marino of counsel), for appellant.
Williams & Connolly LLP, Washington, D.C. (Kannon K. Shanmugam of the bar of the District of Columbia and the State of Maryland, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about July 21, 2016, which granted defendant law firm's CPLR 3211 motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Accepting plaintiff client's allegations as true and drawing all reasonable inferences in its favor (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), a legal malpractice claim was sufficiently alleged (see Fielding v Kupferman, 65 AD3d 437, 439 [1st Dept 2009]). Plaintiff, a lead underwriter on a public offering of a Chinese corporation, claimed that defendant law firm was negligent in failing to uncover material misrepresentations made by the corporation in connection with the offering. Plaintiff sufficiently asserted that but for defendant's negligence, plaintiff would have ceased its involvement in the public offering and avoided the fees, expenses and other damages it incurred in defending against, as well as settling claims against it (see id.).
Defendant's argument that an investigative report gave plaintiff prior constructive notice of the material misrepresentations is unavailing (cf. Ableco Fin. LLC v Hilson, 109 AD3d 438 [1st Dept 2013], lv denied 22 NY3d 864 [2014]). In Ableco, this Court granted the defendants' motion for summary judgment, dismissing the plaintiff's legal malpractice claim "on the basis of information plaintiff indisputably possessed" prior to the closing of the transaction at issue (id. at 439). Specifically, the plaintiff, the maker of commercial loans, received a press release that explicitly excluded certain property from the available inventory of a bankruptcy estate, and thus, the evidence refuted the plaintiff's claim that it was unaware that it would not be getting a first priority lien on the entire inventory (id. at 438, 439). Moreover, this Court's determination was founded not only upon the plaintiff's possession of the press release, but also on the clear and explicit presentation of the information such that counsel's legal interpretation was not required (id. at 439). Here, on a pre-answer motion to dismiss, although plaintiff acknowledges that it had possession of the investigative report, the information contained in the report cannot, at this stage, be described as explicitly putting plaintiff on notice and not requiring counsel's interpretation of the information. Defendant "may not shift to the client the legal responsibility it was specifically hired to undertake" (Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437, 439 [1st Dept 2010] [internal quotation marks omitted]).
It may be reasonably inferred from plaintiff's allegations that it incurred damages attributable to defendant's conduct (see Fielding, 65 AD3d at 442), including litigation expenses [*2]incurred in an effort to avoid, minimize, or reduce the damages caused by defendant's alleged negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK