Ellison v Seltzer (2022 NY Slip Op 05786)

Ellison v Seltzer

2022 NY Slip Op 05786

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 101918/19 Appeal No. 16478-16478A M-3452&M-3585 Case No. 2021-00170, 2021-04418 

[*1]John B. Ellison, Plaintiff-Appellant,
v
Steven Seltzer et al., Defendants-Respondents.

John B. Ellison, appellant pro se.
Tarter Krinsky & Drogan LLP, New York (Steve Polyakov of counsel), for Steven Seltzer and The Seltzer Law Group, P.C., respondents.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Jeffrey S. Leonard of counsel), for Joseph Roccanova and Roccanova Law, P.C., respondents.
Roccanova Law P.C., Huntington (Joseph T. Roccanova of counsel), for Yuen Roccanova Seltzer and Sverd, LLP, respondents.

Orders, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about November 10, 2020 and February 24, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, without costs.
Supreme Court correctly determined that the legal malpractice claim was barred by the three-year statute of limitations (CPLR 214 [6]). While the claim accrued at the latest on September 23, 2016, the continuous representation doctrine tolled the statute of limitations until December 8, 2016, when defendants informed plaintiff that they would not represent him on his appeal in the underlying employment action, but plaintiff did not commence this action until December 13, 2019 (see Shumsky v Eisenstein, 96 NY2d 164, 170-171 [2001]). Contrary to plaintiff's contentions, the outstanding counterclaim in the employment action and defendants' failure to move to be relieved in that action did not show a mutual understanding of a need for further representation (see McCoy v Feinman, 99 NY2d 295, 306 [2002]; Farina v Katsandonis, P.C., 197 AD3d 1033, 1033-34 [1st Dept 2021]; Hirsch v Fink, 89 AD3d 430, 431 [1st Dept 2011]).
Supreme Court properly dismissed the breach of contract claim, which was asserted only against defendants Steven Seltzer and The Seltzer Law Group, P.C. The complaint failed to allege an enforceable oral agreement by Seltzer to represent plaintiff on the appeal of the employment action. The retainer agreement in the underlying action required a separate written agreement for appellate representation, but the complaint did not allege that such an agreement was entered into. Even if the retainer agreement did not preclude an oral agreement for appellate representation, there were no allegations that the parties had reached an agreement on the material term of compensation (see Mark Bruce Intl., Inc. v Blank Rome, LLP, 60 AD3d 550, 551 [1st Dept 2009]; Cooper Sq. Realty v A.R.S. Mgt., 181 AD2d 551, 551-552 [1st Dept 1992]). Furthermore, the damages sought by plaintiff for mental distress were not recoverable on a breach of contract action (see Johnson v Jamaica Hosp., 62 NY2d 523, 528 [1984]), and plaintiff did not identify any recoverable damages.
We decline to consider the arguments raised for the first time in plaintiff's reply brief.
M-3452 & 3585 - John B. Ellison v Steven Seltzer et al.
Motions for leave to file a surreply brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022