Nath v Chemtob Moss Forman & Beyda, LLP (2024 NY Slip Op 05061)

Nath v Chemtob Moss Forman & Beyda, LLP

2024 NY Slip Op 05061

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 160711/22 Appeal No. 2796 Case No. 2024-01391 

[*1]Amrita Nath, Plaintiff-Respondent,
v
Chemtob Moss Forman & Beyda, LLP, et al., Defendants-Appellants.

Chemtob Moss Forman & Beyda, LLP, New York (James E. D'Elicio of counsel), for appellants.
Law Offices of Howard Benjamin, New York (Howard Benjamin of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about December 27, 2023, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), (7), and (8), unanimously affirmed, without costs.
Defendants represented plaintiff in a divorce proceeding in New York. She now alleges that defendants committed legal malpractice by failing to advise her to file for divorce in California, which distributes property in a manner that she alleges would have been more favorable to her. She further alleges that California had jurisdiction for commencement of a divorce on the basis of numerous documents showing that her then-husband's main address was in San Francisco. At the motion to dismiss stage, pursuant to CPLR 3211(a)(7) (see generally Lieberman v Green, 139 AD3d 815, 816 [2d Dept 2016]), these allegations sufficiently state that defendants "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that their failure caused plaintiff to suffer "actual and ascertainable damages" (id. at 816-817 [internal quotation marks omitted]; see Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437, 438 [1st Dept 2010]).
In considering defendants' motion pursuant to CPLR 3211(a)(1), we may consider plaintiff's own affidavit from the prior divorce proceeding (see Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire, 106 AD3d 536, 537 [1st Dept 2013], lv dismissed 21 NY3d 1059 [2013], lv denied 33 NY3d 914 [2019], cert denied — US &mdash, 140 S Ct 2510 [2020]). This affidavit, which detailed the husband's whereabouts for almost a year before plaintiff retained defendants, averred the former husband to have a consistent (if irregular) presence in San Francisco since early 2019. It also states that documents showed his main address to be in San Francisco since 2018. These assertions do not contradict the allegations in the complaint. In sum, defendants' evidence "does not conclusively establish a defense to the asserted claims as a matter of law" (Correa v Orient-Express Hotels, Inc., 84 AD3d 651, 651 [1st Dept 2011] [internal brackets and quotation marks omitted]).
Plaintiff further alleges that defendants failed to introduce competent evidence in their possession to support her claim for exclusive occupancy of the marital residence, and that they failed to request maintenance and legal fees. Contrary to defendants' contention that these allegations are conclusory, they are sufficient to survive dismissal (see Lieberman, 139 AD3d at 816-817; Escape Airports, 79 AD3d at 438).
Plaintiff's claims are not time-barred. So much of the claims as allege that defendants failed to request maintenance and legal fees in the divorce action accrued on December 23, 2019, when the divorce court granted defendants' motion to withdraw as plaintiff's counsel. Since plaintiff commenced the instant action on December 15, 2022, this branch of her malpractice [*2]claim is timely.
Plaintiff's claim that defendants should have advised her to bring suit in California accrued at the earliest on September 11, 2019. Her claim that they should have introduced evidence to support her motion for exclusive occupancy of the marital residence accrued on November 14, 2019, when the divorce court denied that motion. The continuous representation doctrine does not extend beyond November 27, 2019, when defendants informed plaintiff that they could no longer represent her (see Ellison v Seltzer, 209 AD3d 522, 522 [1st Dept 2022]; RJR Mech. Inc. v Ruvoldt, 170 AD3d 515 [1st Dept 2019]). COVID tolling, however, renders these claims timely (see Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]).
Defendants contend that the court should have dismissed this action because plaintiff failed to serve the complaint within 20 days after service of their demand for a complaint (see CPLR 3012[b]). Plaintiff submitted medical evidence of an ongoing illness that impeded her ability to participate in the litigation (compare Elkaim v Lotte N.Y. Palace Hotel, 193 AD3d 566, 567 [1st Dept 2021] ["Plaintiff's claim that an ongoing illness impeded her filing of a complaint is unsupported by any evidentiary showing, including a medical affidavit"]). Given the brevity of the delay, the lack of evident intention to abandon the suit, and the absence of prejudice to defendants, Supreme Court did not abuse its discretion in finding this illness to be a reasonable excuse (see Aquilar v Nassau Health Care Corp., 40 AD3d 788, 789 [2d Dept 2007]; Rose v Our Lady of Mercy Med. Ctr., 268 AD2d 225, 226 [1st Dept 2000]). Neither did it do so in finding plaintiff's verified complaint to show a meritorious claim (see Stevens v Stevens, 165 AD2d 780, 781-782 [1st Dept 1990]).
As for defendants' contention that they were not properly served with the summons, we find that the individual defendant — a partner of the defendant law firm — was properly served, and thus the law firm was also properly served (see Green v Gross & Levin, LLP, 101 AD3d 1079, 1080 [2d Dept 2012]). While plaintiff's process server did not reach the individual defendant's "actual place of business" (CPLR 308[2]), because the building where defendants are located did not allow the process server to go to defendant firm's floor, the building's concierge told the process server to deliver the summons to the "Building Mailroom Clerk." Under these circumstances "the outer bounds" of the individual defendant's actual place of business should "be deemed to extend to the location at which the process server's progress [was] arrested" (F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797 [1977]). Defendants' remaining arguments on this issue are unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024