Springs v L&D Law P.C. (2025 NY Slip Op 00032)

Springs v L&D Law P.C.

2025 NY Slip Op 00032

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 154134/23 Appeal No. 3368 Case No. 2024-01361 

[*1]Gordon Springs, Plaintiff-Respondent,
v
L&D Law P.C. et al., Defendants-Appellants.

Furman Kornfeld & Brennan LLP, New York (Alec B. Neimand of counsel), for appellants.
McCallon & Associates LLP, New York (Kenneth F. McCallion of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered December 13, 2023, which, insofar as appealed from, denied defendants' motion to dismiss plaintiff Gordon Springs' complaint for legal malpractice, unanimously affirmed, without costs.
Plaintiff, a former New York City firefighter, first retained defendant Liggieri to represent him in a 2017 discrimination action in the Southern District of New York against the City of New York, the FDNY Commissioner and four individual firefighters (the 2017 Action). Plaintiff claimed that he was retaliated against for filing an Equal Employment Opportunity Commission (EEOC) complaint against the FDNY and was subjected to a hostile work environment. Plaintiff was permitted to sever his claims against the individual firefighters and bring them in state court. The remaining claims against the City defendants went to trial and the jury found in favor of defendants.
Thereafter, plaintiff was assigned to a new firehouse. In 2019, plaintiff retained Liggieri again, who filed a new and separate lawsuit on plaintiff's behalf in the Southern District of New York against the City of New York, the FDNY Commissioner and two individual firefighters from his new firehouse (the 2019 Action). In the 2019 Action, plaintiff brought claims for discrimination, retaliation and a hostile work environment in violation of federal, state and city law. The 2019 Action is the subject of this legal malpractice litigation.
Defendants moved to dismiss the 2019 Action on the ground that plaintiff failed to allege that there was a causal connection between the protected activity, namely the filing of his EEOC complaint and the 2017 Action, and the adverse employment actions he suffered. After consulting with plaintiff, Liggieri made a tactical decision to amend plaintiff's complaint in an attempt to moot the motion to dismiss, rather than to oppose the motion on its merits. The 2019 action was ultimately dismissed. In relevant part, the court found that plaintiff failed to make out a claim for retaliation because the amended complaint did not state that "Defendant X committed Act Y in retaliation for [plaintiff] filing an EEOC complaint or the 2017 [Action])."
Following the dismissal of the 2019 Action, plaintiff requested that Liggieri file a motion for reargument and inquired about the possibility of appealing the decision. Although Liggieri initially agreed with plaintiff that a motion for reargument could be worth pursuing, he later claimed, after additional research, that a motion for reargument was not viable. With regards to the possibility of appealing the decision, Liggieri told plaintiff that "this case is over and there's nothing we can do."
In 2023, plaintiff commenced this action for legal malpractice against Liggieri and his firm. Plaintiff claimed that defendants failed to properly amend the complaint in the 2019 Action to state a causal connection between the filing of his EEOC complaint and [*2]the 2017 action and the adverse employment actions he suffered. Plaintiff further claimed that defendants committed additional acts of legal malpractice by failing to move for reargument and failing to apprise him of his rights to appeal the 2019 Action.
Supreme Court properly denied defendants' motion to dismiss and granted plaintiff's cross-motion to amend the complaint. "To establish a cause of action for legal malpractice, plaintiff must show that: (i) the attorney was negligent; (ii) the attorney's negligence was a proximate cause of plaintiff's losses; and (iii) plaintiff suffered actual damages" (RTW Retailwinds, Inc. v Colucci & Umans, 213 AD3d 509, 510 [1st Dept 2023]). Plaintiff has sufficiently alleged that defendants were negligent in failing to amend the complaint to state that a causal relationship existed between plaintiff's filing of the EEOC complaint and the 2017 Action and the adverse treatment he suffered. Plaintiff has also sufficiently alleged that, but for defendants' failure to properly assert his claim, it would not have been dismissed on the ground that he failed to allege a causal connection between the protected activity and the adverse employment action.
Supreme Court correctly declined to find that the professional judgment rule protected defendants from liability. Pursuant to the professional judgment rule, an attorney's "selection of one among several reasonable courses of action does not constitute malpractice" (Rosner v Paley, 65 NY2d 736, 738 [1985]). Defendants maintain that their decision to amend the complaint in an attempt to moot the 2019 motion to dismiss instead of opposing the motion on its merits was a reasonable strategic choice that is protected by the professional judgment rule. However, plaintiff's allegations are that defendants failed to submit a memorandum of law in opposition to the motion to dismiss and instead filed a deficient amended complaint that failed to state that there was a causal connection between plaintiff's decision to file an EEOC complaint and the 2017 Action and the adverse treatment he suffered. At this juncture, the professional judgment rule is not available as a defense because the record does not allow us to make a determination that defendants' course of conduct was reasonable as a matter of law (see Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437, 439 [1st Dept 2010]). Absent a finding that the attorney's courses of conduct were reasonable as a matter of a law, a determination that a course of conduct constitutes malpractice requires findings of fact (see Bernstein v Oppenheim & Co., 160 AD2d 428, 430 [1st Dept 1990]).
However, we find that plaintiff failed to sufficiently allege a claim for malpractice based on defendants' alleged refusal to file a motion for reargument and their alleged failure to apprise plaintiff of his right to appeal. A motion for reargument affords a party an opportunity to "establish that the court overlooked or misapprehended [*3]the relevant facts or misapplied any controlling principle of law" (Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]). Here, plaintiff's argument is that defendants completely failed to assert the relevant facts in the complaint so a motion for reargument would not have allowed defendants to remedy their alleged error. Moreover, nothing defendants stated regarding the possibility of appealing the 2019 Action impeded plaintiff's right to seek alternative counsel to undertake an appeal on his behalf. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025