Janover, LLC v Smith (2026 NY Slip Op 00356)

Janover, LLC v Smith

2026 NY Slip Op 00356

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-07000
 (Index No. 610284/22)

[*1]Janover, LLC, appellant, 
vAndrew Smith, et al., respondents.

Fox Rothschild LLP, New York, NY (Rory G. Greebel of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), entered April 8, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendants' second counterclaim and pursuant to CPLR 3211(b) to dismiss the defendants' second and fourth affirmative defenses.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2021, the defendants entered into a written agreement to retain the plaintiff, an accounting firm, to provide expert opinion services in two arbitration proceedings. During the course of the arbitration proceedings, the plaintiff submitted an expert report and had a partner appear for a deposition. In a final arbitration award dated November 1, 2021, the arbitrator, inter alia, directed the defendants Andrew Smith, Frederick Assini, and White Pines Management, LLC, to pay the sum of $1,019,071.76 in attorneys' fees and costs. Despite due demand by the plaintiff for payment for the services it rendered in connection with the parties' agreement, the defendants never paid the plaintiff.
In August 2022, the plaintiff commenced this action against the defendants, among other things, to recover damages for breach of contract, seeking the unpaid fees incurred in providing expert opinion services in the arbitration proceedings. The defendants interposed an answer in which they asserted counterclaims to recover damages for breach of contract (first counterclaim) and professional malpractice (second counterclaim) and various affirmative defenses. The second affirmative defense alleged that the plaintiff breached its duties under the parties' agreement by failing to perform the expert opinion services contemplated in satisfactory fashion and in accordance with generally accepted standards of practice. The fourth affirmative defense alleged that the plaintiff's "claims are barred due to the culpable conduct of the plaintiff, to wit, breaching its duty of care owed to defendants to perform services as a competent expert witness."
Thereafter, the plaintiff moved pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims and pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defenses. In an order entered April 8, 2024, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the second counterclaim and pursuant to CPLR 3211(b) to dismiss the defendants' second and fourth affirmative defenses. The plaintiff [*2]appeals.
"On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the pleading is afforded a liberal construction and the court must give the party the benefit of every possible favorable inference, accept the facts alleged in the pleading as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (Lieberman v Green, 139 AD3d 815, 816 [alteration and internal quotation marks omitted]; see Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d 1001, 1003). However, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373). Where, as here, evidentiary material is submitted and considered on a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), "and the motion is not converted into one for summary judgment, the question becomes whether the [defendant] has a [counterclaim], not whether the [defendant] has stated one, and unless it has been shown that a material fact as claimed by the [defendant] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Gordon v Vladislav Tsirkin CPA & Co., LLC, 229 AD3d 450, 450-451 [internal quotation marks omitted]).
"A motion to dismiss a [counterclaim] pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the [plaintiff] utterly refutes the factual allegations of the [counterclaim] and conclusively establishes a defense to the [counterclaim] as a matter of law" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). "In order for evidence submitted under a CPLR 3211(a)(1) motion to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [internal quotation marks omitted]; see Granada Condominium III Assn. v Palomino, 78 AD3d at 996-997).
"A tort may arise from the breach of a legal duty independent of [a] contract, but merely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (Sommer v Federal Signal Corp., 79 NY2d 540, 551). Thus, "[a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals, common carriers, and bailees, for example, may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" (id.). "In these instances, it is policy, not the parties' contract, that gives rise to a duty of due care" (id. at 552). To state a cause of action to recover damages for professional malpractice, a party must allege "that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury" (Abrams v Brute, 138 AD3d 179, 184 [internal quotation marks omitted]; see Gordon v Vladislav Tsirkin CPA & Co., LLC, 229 AD3d at 451).
Here, the counterclaim to recover damages for professional malpractice alleged that the plaintiff's partner who appeared for a deposition "lacked the qualifications, knowledge and experience of an expert to testify and render an opinion involving compliance with [generally accepted accounting principles (hereinafter GAAP)] rules relating to the mortgage industry," that the expert report prepared by the plaintiff was "virtually useless, since it fell well below the accepted standards [of] practice that an expert in mortgage industry-related GAAP rules would be expected to produce," that the defendants "had no choice but to terminate [the] plaintiff's services and proceed with the arbitrations without the benefit of a competent expert witness," and that "[a]s a direct and proximate result of this breach of duty of care, [the] defendants suffered an adverse ruling from the arbitrator to the extent of about $1,000,000." Contrary to the plaintiff's contention, these allegations sufficiently alleged a duty independent from the plaintiff's contractual duties under the parties' agreement and, therefore, were sufficient to allege a counterclaim to recover damages for professional malpractice (see Lieberman v Green, 139 AD3d at 817). Moreover, the evidentiary material submitted in connection with the motion, which included the parties' agreement and the final arbitration award, failed to establish that the defendants did not have a counterclaim alleging professional malpractice (see id.; Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d at 1003-1004). For the same reasons, neither the parties' agreement nor the final arbitration award utterly refuted the factual allegations in the answer or conclusively established a defense to the defendants' counterclaim alleging professional malpractice as a matter of law (see Granada [*3]Condominium III Assn. v Palomino, 78 AD3d at 997; Reiver v Burkhart Wexler & Hirschberg, LLP, 73 AD3d 1149, 1150-1151).
Further, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendants' second and fourth affirmative defenses. Pursuant to CPLR 3013, "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." "A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (id. § 3211[b]). "When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law" (Gonzalez v Wingate at Beacon, 137 AD3d 747, 747 [internal quotation marks omitted]; see Bank of N.Y. v Penalver, 125 AD3d 796, 797). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Bank of N.Y. v Penalver, 125 AD3d at 797 [internal quotation marks omitted]; see Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004).
Here, contrary to the plaintiff's contention, the second and fourth affirmative defenses were not bare and speculative, and properly provided the plaintiff with notice of the transactions intended to be proved and the material elements of those affirmative defenses, alleging breach of contract and culpable conduct, respectively. Moreover, the plaintiff failed to establish that the second and fourth affirmative defenses were without merit as a matter of law (see Ma v Biaggi, 150 AD3d 778, 779; Matter of Kassab v Kasab, 137 AD3d 1138, 1140).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a) to dismiss the defendants' second counterclaim and pursuant to CPLR 3211(b) to dismiss the defendants' second and fourth affirmative defenses.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court